SCHIFFRIN BARROWAY TOPAZ & KESSLER, LLP
Alan R. Plutzik, Of Counsel (Bar No. 077785)
L. Timothy Fisher, Of Counsel (Bar No. 191626)
2125 Oak Grove Road, Suite 120
Walnut Creek, California 94598
Telephone: (925) 945-0770
Facsimile: (925) 945-8792

-and-

Joseph H. Meltzer
Gerald D. Wells, III
Robert J. Gray
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

*Counsel for Plaintiff*

FILED
2008 MAR 20 PM 4:16
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____KMT_____ DEPUTY

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIM WANG, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PRUDENTIAL FINANCIAL, INC.; THE PRUDENTIAL INSURANCE COMPANY OF AMERICA; and DOES 1 through 10, inclusive,<br><br>Defendants. | Civil Action No. 08 CV 0526 LAB NLS<br><br>**CLASS/COLLECTIVE ACTION COMPLAINT**<br><br>JURY TRIAL REQUESTED |

CLASS /COLLECTIVE ACTION COMPLAINT
54880

Jim Wang ("Plaintiff"), on behalf of himself and all others similarly situated, alleges as follows:

## INTRODUCTION

1. Plaintiff brings this action on behalf of himself and all other employees similarly situated to recover unpaid wages and overtime compensation pursuant to the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 201 et. seq. ("FLSA" or the "Act"), and to recover unpaid compensation pursuant to the California Labor Code, Industrial Welfare Commission Wage Orders and the California Business & Professions Code (collectively the "CA Labor Laws").

2. As explained herein, under applicable employment laws, Financial Sales Associates (defined below) are entitled to overtime compensation for overtime hours worked. In short, if Financial Sales Associates work over forty hours in a work week and/or eight hours per day, they are entitled to premium compensation as overtime pay.

3. This is a nationwide collective action, on behalf of all "Financial Sales Associates," defined as: individuals who sold and/or marketed insurance, annuities, and other financial products (collectively "Financial Products"), and who are, or were, employed by Prudential Financial, Inc., The Prudential Insurance Company of America (collectively "Prudential"), or any other parent, subsidiary, related, or successor companies (collectively, the "Company"), to recover unpaid overtime compensation pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA" or the "Act").

4. Plaintiff further brings this matter as a state class action on behalf of all current and former Financial Sales Associates within the State of California to recover overtime compensation and other wages due pursuant to California Labor Code, Industrial Welfare Commission Wage Orders and the California Business and Professions Code (collectively the "CA Labor Laws").

5. Plaintiff is unaware of the names and capacities of those defendants sued as DOES 1 through 10, but will seek leave to amend this complaint once their identities become known to Plaintiff.

CLASS /COLLECTIVE ACTION COMPLAINT
54880

1

...

Upon information and belief, Plaintiff alleges that at all relevant times each defendant, including the DOE defendants 1 through 10, was the officer, director, employee, agent, Associate, alter ego, or co-conspirator of each of the other defendants, and in engaging in the conduct alleged herein was in the course and scope of and in furtherance of such relationship. Unless otherwise specified, Plaintiff will refer to all defendants, including the Company, collectively as "Defendant" and each allegation pertains to each Defendant.

## SUMMARY OF CLAIMS

6. Plaintiff brings this suit on behalf of the classes of similarly situated persons composed of:

   a. All current and former Financial Sales Associates employed by Defendant in the United States who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b) ("Nationwide Collective Class");

   b. All current Financial Sales Associates who work for Defendant in the State of California within the four years prior to the time this action is filed up to and including the time this action is certified as a class action and are engaged in, or are training to be engaged in, the business of selling Financial Products (the "CA Class A"); and

   c. All former Financial Sales Associates who have worked for Defendant in the State of California within the four years prior to the time this action is filed up to and including the time this action is certified as a class action and were engaged in, or were training to be engaged in, the business of selling Financial Products who would otherwise be members of the CA Class A (the "CA Class B").

7. The CA Class A and the CA Class B are hereafter collectively referred to as the "CA Class." The Nationwide Collective Class and the CA Class are hereafter referred to as the "Classes."

CLASS /COLLECTIVE ACTION COMPLAINT                                           2
54880

8.  Plaintiff alleges on behalf of the Nationwide Collective Class who elect to opt-in to this action that they are: (i) entitled to unpaid wages from Defendant for overtime work for which they did not receive overtime premium pay, as required by law, and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. § 201 et. seq.

9.  Plaintiff alleges on behalf of the CA Class that Defendant violated the CA Labor Laws by: (i) failing to pay them overtime at the rate of one and one-half times the employee's regular rate of pay for all hours worked in excess of forty (40) hours in any given workweek, and/or in excess of eight (8) hours in a workday; (ii) failing to provide them with all of their required meal and rest breaks; (iii) failing to reimburse them for necessary expenses incurred in the discharge of their duties; (iv) failing to maintain and preserve accurate and true records of all hours worked and wages earned by the CA Class; and (v) failing to pay them all wages due upon cessation of their employment with Defendant.

10. As a result of Defendant's violation of the FLSA and the CA Labor Laws, Plaintiff and the members of the Classes were illegally under compensated for their work.

## FACTUAL ALLEGATIONS

11. Plaintiff and the other similarly situated members of the Classes are/were engaged in sales of Financial Products on behalf of Defendant, and regularly worked in excess of forty hours per workweek, and or eight hours per day, without any premium for overtime pay as required by law.

12. The crux of federal and California state employment and labor laws is one simple proposition—employees are entitled to be paid for all hours worked.

13. Indeed, unless proven to be exempt from the protection of overtime laws, all employees are entitled to receive premium overtime pay for work in excess of forty hours per week.

14. Further, members of the CA Class are entitled to premium overtime pay for all hours worked in excess of eight (8) hours per workday.

15. Due to the nature of the job responsibilities and requirements of Defendant's Financial Sales Associates, Plaintiff and members of the Classes regularly worked more than 40 hours a week during the course of their employment with Defendant.

16. The duties of Financial Sales Associates are set forth in uniform, company-wide policies and procedures promulgated by Defendant.

17. Although the FLSA and CA Labor Laws provide for certain exemptions to the mandates of paying overtime compensation, no exemption applies in the instant matter.

18. First and foremost, Plaintiff and the members of the Classes do not qualify for the professional exemption described in the Act, *see* 29 U.S.C. § 213, or under the CA Labor Laws because Financial Sales Associates are not employed in a *bona fide* professional capacity, requiring a specific degree in a field of science or learning.

19. Likewise, Plaintiff and the members of the Classes do not qualify for the executive exemption because they do not have the authority to hire or fire any of the employees working within the business location, nor are they responsible for managing the affairs of the Company.

20. Lastly, Plaintiff and members of the Classes are not administratively exempt because, among other things, their primary duty does not consist of performing office or managerial work directly related to Defendant's management policies requiring the exercise of discretion or independent judgment with respect to matters of significance. Further, Plaintiff and members of the Classes are also not administratively exempt because, among other things, their primary duty is the sale of Financial Products.

21. As such, Financial Sales Associates, including Plaintiff and members of the Classes, are not exempt from the requirements premium overtime pay, and thus have been wrongfully denied compensation for all hours worked, including hours in excess of 40 in a workweek and/or eight (8) hours in a day.

22. In violation of the Act and CA Labor Laws, Plaintiff and the members of the Classes have not been paid overtime compensation at a rate not less than one and one-half times their regular rate for work performed beyond the 40 hour work week and/or 8 hours in a day.

23. Plaintiff alleges on behalf of the members of the Classes that Defendant's failure to pay all wages, including overtime, was knowing and willful. Accordingly, Plaintiff and members of the Classes are entitled to recover all wages due for overtime hours worked, for which the appropriate compensation was not paid.

24. Evidence reflecting the precise number of overtime hours worked by Plaintiff and every other member of the Classes, as well as the applicable compensation rates, is in the possession of Defendant. If these records are unavailable, members of the Classes may establish the hours they worked solely by their testimony and the burden of overcoming such testimony shifts to the employer. *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946).

25. Each of the foregoing acts by Defendant is in contravention of applicable employment laws.

## JURISDICTION AND VENUE

26. This Court has jurisdiction over this matter pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

27. This Court has original jurisdiction over all claims in this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d). This is a putative class action whereby: (i) the proposed Rule 23 class consists of over 100 or more members; (ii) at least some of the members of the proposed class, including Plaintiff, have a different citizenship from Defendant; and (iii) the claims of the proposed Rule 23 class exceeds $5,000,000.00 in the aggregate.

28. Further, this Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims because those claims derive from a common nucleus of operative facts.

29. In addition, this Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

30. Venue is proper pursuant to 28 U.S.C. § 1391 as a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district, and Defendant is subject to personal jurisdiction in this district.

## PARTIES

31. Plaintiff Jim Wang was a Financial Sales Associate employed by Defendant in the State of California, who Defendant failed to compensate for hours worked above and beyond the forty hour work week, and/or eight hours in a workday.

32. Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b). Plaintiff's consent form is attached hereto as Exhibit A.

33. Upon information and belief, Defendant Prudential Financial, Inc. is a New Jersey Corporation with its headquarters and principal place of business in Newark, New Jersey. Defendant is a financial services firm engaged in the sale of insurance, investments, securities, annuities, and other financial products with offices located nationwide.

34. Upon information and belief, Defendant The Prudential Insurance Company of America is a New Jersey company with its headquarters and principal place of business in Newark, New Jersey. The Prudential Insurance Company of America is the insurance division of Prudential Financial Inc., and operates as one of the largest life insurance companies in the United States. The Prudential Insurance Company of America is licensed to sell insurance and annuities products in all fifty states, and maintains offices nationwide.

35. At all relevant times during the Class Period, Defendant has maintained offices within the State of California. Defendant employs, upon information and belief, over a hundred Financial Sales Associates in the State of California at any one time during the relevant class period.

## COLLECTIVE/CLASS ACTION ALLEGATIONS

36. Plaintiff brings this action on behalf of the Nationwide Collective Class as a collective action pursuant to the Fair Labor Standards Act, § 216(b), and on behalf of the CA Class as a class action for claims under the CA Labor Laws pursuant to the Federal Rules of Civil Procedure 23.

37. The claims under the FLSA may be pursued by those who opt-in to this case pursuant to 29 U.S.C. § 216(b). The claims under the CA Labor Laws may be pursued by all similarly-situated persons who choose not to opt-out of the CA Class, pursuant to the Federal Rules of Civil Procedure 23.

**Allegations Applicable to All Classes:**

38. The members of the Classes are so numerous that joinder of all members is impracticable. The exact number of the members of the Classes can be determined by reviewing Defendant's records.

39. Plaintiff will fairly and adequately protect the interests of the Classes and has retained counsel that is experienced and competent in class action and employment litigation. Plaintiff has no interests that are contrary to, or in conflict with, members of the Classes.

40. A class and collective action suit, such as the instant one, is superior to other available means for fair and efficient adjudication of this lawsuit. The damages suffered by individual members of the Classes may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the Classes to individually seek redress for the wrongs done to them.

41. A class and collective action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy. Absent these actions, the members of the Classes likely will not obtain redress of their injuries and Defendant will retain the proceeds of their violations of the FLSA and applicable CA Labor Laws.

42. Furthermore, even if any members of the Classes could afford individual litigation against the Company, it would be unduly burdensome to the judicial system. Concentrating this

CLASS /COLLECTIVE ACTION COMPLAINT   7
54880

litigation in one forum will promote judicial economy and parity among the claims of individual members of the Classes and provide for judicial consistency.

43. There is a well-defined community of interest in the questions of law and fact affecting the Classes as a whole. The questions of law and fact common to the Classes predominate over any questions affecting solely individual members of the action. Among the common questions of law and fact are:

   a. Whether Defendant employed the members of the Classes within the meaning of the applicable employment and labor statutes, including the FLSA;

   b. Whether Plaintiff and members of the Classes regularly worked in excess of forty (40) hours per week and/or eight hours per day;

   c. Whether Defendant failed to pay Plaintiff and members of the Classes for all hours worked;

   d. Whether Defendant failed to provide Plaintiff and members of the CA Class all mandatory rest and meal breaks;

   e. Whether Defendant failed to reimburse Plaintiff and members of the CA Class for all necessary business expenses;

   f. Whether Defendant violated any other statutory provisions regarding compensation due to Plaintiff and members of the Classes; and

   g. Whether Plaintiff and members of the Classes have sustained damages and, if so, what is the proper measure of damages.

44. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its continued maintenance.

**Allegations Specific to the Nationwide Collective Class**

45. Pursuant to 29 U.S.C. § 207, Plaintiff seeks to prosecute the FLSA claims as a collective action on behalf of:

> All persons, who: (i) are/were employed as Financial Sales Associates with the Company; (ii) are/were not paid overtime compensation for work performed beyond the forty (40) hour workweek; and (iii) choose to opt-in to this action (the "Nationwide Collective Class").

46. Notice of the pendency and any resolution of this action can be provided to the Nationwide Collective Class by mail, print, and/or internet publication.

**Allegations Specific to the California Class Action**

47. Plaintiff brings this action as a class action under the CA Labor Laws pursuant to Rules 23(a) and (b) of the Federal Rules of Civil Procedure on behalf of himself and the following persons similarly situated (the "CA Class"):

> All persons within the State of California who: (i) are/were employed as Financial Sales Associates with the Company; and (ii) are/were not paid premium overtime compensation at a rate not less than one and one-half times the rate at which they are employed for work beyond the forty (40) hours work week, and/or eight (8) hours in a workday.

## COUNT ONE

48. Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

49. At all relevant times, Defendant has been and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

50. At all relevant times, Defendant employed, and/or continues to employ, Plaintiff and each member of the Nationwide Collective Class within the meaning of the FLSA.

51. As stated above, Defendant had a policy and practice of refusing to pay overtime compensation to its Financial Sales Associates for the hours worked in excess of forty hours per week.

52. Defendant's failure to pay Plaintiff and all other members of the Nationwide Collective Class overtime compensation at a rate not less than one and one-half times the rate at which they are employed for work performed beyond the 40 hour workweek, is a violation of the Fair Labor Standards Act of 1938, in particular 29 U.S.C. §§ 206, 207.

53. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning 29 U.S.C. § 255(a).

54. Due to Defendant's FLSA violations, Plaintiff, on behalf of the members of the Nationwide Collective Class, is entitled to recover from Defendant, the unpaid overtime compensation, an additional amount equal as liquidated damages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT TWO

55. Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

56. Pursuant to Defendant's employment policies, Plaintiff and members of the CA Class regularly worked hours in excess of forty (40) per week and/or eight (8) hours per day.

57. Pursuant to Defendant's employment policies, Plaintiff and members of the CA Class did not receive premium overtime compensation for hours worked in excess of forty per week and/or eight hours per day.

58. California Wage Order 4-2001, 8 C.C.R. Section 11040 and Labor Code Section 510(a) state that an employee must be paid overtime, equal to one and one-half times the employee's regular

rate of pay, for all hours worked in excess of forty per week and/or eight per day, unless the employee falls under one of the enumerated exemptions.

59. California Labor Code Section 510(a) further states that any work in excess of twelve (12) hours in one day shall be compensated at a rate of no less than twice the employee's regular rate of pay.

60. Pursuant to California Labor Code Section 1194, Plaintiff and members of the CA Class are entitled to recover their overtime wages, plus interest, attorney's fees and costs, in an amount to be proven at trial.

## COUNT THREE

61. Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

62. Labor Code Section 512(a) requires employers to provide employees with a meal period of at least thirty (30) minutes per five (5) hours worked.

63. Defendant failed to provide Plaintiff and members of the CA Class with all meal breaks require by Labor Code Section 512(a). As a result, pursuant to Labor Code Section 226.7, Plaintiff and members of the CA Class are entitled to one additional hour's pay for each day a meal break was not provided, in an amount to be proven at trial.

## COUNT FOUR

64. Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

65. Industrial Welfare Commission Wage Order 4, Section 12, requires employers to provide employees with a paid rest period of ten (10) minutes per four (4) hours worked.

66. Defendant failed to provide Plaintiff and members of the CA Class with all rest breaks.

67. As a result, pursuant to Labor Code Section 226.7, Plaintiff and members of the CA Class are entitled to one additional hour's pay for each day a rest break was not provided, in an amount to be proven at trial.

## COUNT FIVE

68. Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

69. Defendant willfully and intentionally failed to pay Plaintiff and members of the CA Class B all the wages they were due by the deadlines imposed under Labor Code Section 201 and 202 upon cessation of the class members' employment with Defendant. Plaintiff and members of the CA Class B did not secret or absent themselves from Defendant nor refuse to accept the earned and unpaid wages from Defendant. Accordingly, Plaintiff and members of the CA Class B are entitled to waiting time penalties of up to thirty (30) days' pay, in an amount to be proven at trial.

## COUNT SIX

70. Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

71. Defendant failed to provide Plaintiff and members of the CA Class with accurate and detailed records of hours worked and wages earned, as required by California Labor Code Section 226(a).

72. Therefore, Plaintiff, on behalf of the CA Class, requests all such relief that this Court deems appropriate pursuant to the CA Labor Laws.

## COUNT SEVEN

73. Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

74. Labor Code Section 2802 provides that an employer "shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties."

75. Defendant has failed to reimburse the necessary business-related expenses of Plaintiff and the members of the CA Class in violation of Labor Code Section 2802.

76. Plaintiff and members of the CA Class are entitled to recovery of such amount, plus interest, attorney's fees and costs, in an amount to be proven at trial.

## COUNT EIGHT

77. Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

78. As alleged herein, Defendant has committed an act of unfair competition under Bus. & Prof. Code Section 17200 et. seq. by, *inter alia,* (i) failing to pay premium compensation for all overtime hours worked; (ii) failing to provide all required meal and rest breaks to Plaintiff and members of the CA Class; and (iii) failing to reimburse Plaintiff and members of the CA Class for all necessary business related expenses.

79. Pursuant to Bus. & Prof. Code Section 17203, Plaintiff requests Defendant make restitution of all unpaid compensation due to the CA Class, in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for:

A. A Declaration that Defendant has violated the FLSA and the CA Labor Laws and all other applicable employment laws;

B. An Order designating the Nationwide Collective Class as a collective action and issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit

them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

    C.    An Order designating the CA Class as a class action pursuant to the Federal Rules of Civil Procedure 23;

    D.    An Order appointing Plaintiff and his counsel to represent the Classes;

    E.    Imposition of a Constructive Trust on any amount by which Defendant was unjustly enriched at the expense of the Classes as a result of the actions described above;

    F.    An Order enjoining Defendant from any further violations of the FLSA and the CA Labor Laws;

    G.    For compensatory and punitive damages and all other statutory remedies permitted;

    H.    Prejudgment interest;

    I.    An Order for equitable restitution of all wages improperly withheld or deducted by Defendant and all unreimbursed business expenses;

    J.    An Order awarding attorney's fess and costs; and

    K.    For all other relief as the Court deems just.

Dated: March 20, 2008

Respectfully submitted,

SCHIFFRIN BARROWAY TOPAZ & KESSLER, LLP

Alan R. Plutzik, Of Counsel (Bar No. 077785)
L. Timothy Fisher, Of Counsel (Bar No. 191626)
2125 Oak Grove Road, Suite 120
Walnut Creek, California  94598
Telephone: (925) 945-0770
Facsimile: (925) 945-8792

-and-

|  |  |
|---|---|
| 1 | Joseph H. Meltzer |
| 2 | Gerald D. Wells, III |
|  | Robert J. Gray |
| 3 | 280 King of Prussia Road |
|  | Radnor, PA  19087 |
| 4 | Telephone: (610) 667-7706 |
|  | Facsimile: (610) 667-7056 |
| 5 |  |
| 6 | *Counsel for Plaintiff* |

**EXHIBIT A**

## CONSENT TO BECOME A PARTY PLAINTIFF

1. I, Jim Wang, consent to sue as a Plaintiff in this action, pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et. seq.

2. During the applicable period, I was an employee of Prudential Financial and worked in excess of forty (40) hours per week, but was not paid overtime compensation.

3. By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf, in this action, for Defendant's failure to pay all wages as required under federal law.

DATE: January 2, 2008

By: JIM ZHAOJI WANG
    Print Name

By: [signature]
    Signature

1

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
JIM WANG, individually and on behalf of all others similarly situated.

**DEFENDANTS**
PRUDENTIAL FINANCIAL, INC.; THE PRUDENTIAL INSURANCE COMPANY OF AMERICA; And DOES 1 through 10, inclusive.

(b) County of Residence of First Listed Plaintiff: **Los Angeles County**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant:
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Alan R. Plutzik; Schiffrin, Barroway, Topaz & Kessler, LLP; 2125 Oak Grove Rd., Suite 120, Walnut Creek, CA 94598; Tel:(925) 945-0770

Attorneys (If Known): **'08 CV 0526 LAB NLS**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |  ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 U.S.C. Sections 206(a) and 207(a)
Brief description of cause:
Claim for recovery of unpaid wages and overtime compensation.

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE: 3/20/08
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # 148993   AMOUNT $350   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____
SE 3/20/08

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

\# 148993    - SH

March 20, 2008
16:15:44

Civ Fil Non-Pris
USAO #.: 08CV0526
Judge..: LARRY A BURNS
Amount.:                $350.00 CK
Check#.: BC2220

Total-> $350.00

FROM: WANG V. PRUDENTIAL FINANCIAL I